IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 10-CR-40121-02-RDR |
| | ) | |
| ANTHONY VILLALOBOS-CASTILLO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER CONTINUING JURY TRIAL

**NOW** on this 23rd day of February, 2011, the above-entitled matter comes regularly on before the court upon the motion of the defendant for an order continuing the jury trial of this matter.

**THEREUPON** the court after being well and duly advised in the premises and after considering the allegations set forth in the motion for continuance finds as follows:

1. Mark L. Bennett, Jr. was appointed to this case on January 21, 2011.

2. Defendant's counsel is presently scheduled to proceed to trial in the case of *State of Kansas v. Roy Don Wilhoite*; Case No. 10-CR-891 in Shawnee County District Court on April 4, 2011 before Judge Mark Braun. The trial is anticipated to last approximately 2 weeks.

3. Counsel is also scheduled to commence a jury trial in Wichita, Kansas in the matter of *USA v. Jonearl Smith*; United States District Court; 06-CR-10237-MLB on March 29, 2011. Said trial is anticipated to last 1 - 2 weeks.

4. Defendant understands that any delays caused by the filing of this motion shall be excluded from speedy trial calculations under the term of *United States. vs. Mobile Materials, Inc*., 871 F.2d 902 (10th Cir. 1989). "The Speedy Trial Act is designed to protect a criminal

1

defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008). It requires that a criminal trial commence within seventy days of the filing of the indictment or information or the defendant's appearance, which ever occurs last. 18 U.S.C. § 3161(c)(1). Excluded from the seventy-day requirement is:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.
> 18 U.S.C. § 3161(h)(7)(A).

In order to exclude this time pursuant to the ends-of-justice provision, however, the Speedy Trial Act requires that "the Court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. In doing so, the judge must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation of pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably
2

deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). *United States v. Toombs*, 575 F.2d 1262 (10th Cir. 2009).

Looking at the factors set forth above in 18 U.S.C. § 3161(h)(7) and the facts set forth in this motion, subsections (i) and (iv) would be grounds for granting this continuance request. Additionally, given the fact that Mr. Villalobos-Castillo's attorney will be unable to represent the defendant if the requested continuance is denied since he is scheduled for another trial which conflicts with the present trial, defendant would respectfully submit that it is in his best interest for the Court to grant the requested continuance. The defendant would respectfully submit that both the provisions set out in paragraphs (i) and (iv) above authorize the granting of defendant's motion for a trial continuance to a date subsequent to April 25, 2011.

The court further finds that in the interest of justice the motion should be and is hereby granted.

The court further finds that the period of delay resulting from the continuance granted pursuant to this order shall be excludable time as provided for in 18 U.S.C. §3161(h)(7) and that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED** that the jury trial shall be continued from April 5, 2011 to the 2nd day of May, 2011 at 9:30 a.m.

**IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED**

**AND DECREED** that the period of delay resulting from the continuance granted herein shall be excludable time as provided for in 18 U.S.C. §3161(h)(7).

**IT IS SO ORDERED**.

s/Richard D. Rogers
United States District Judge

PREPARED BY:

s/   Mark L. Bennett, Jr.
Mark L. Bennett, Jr., #5781
BENNETT & HENDRIX, LLP
5605 SW Barrington Court S., Suite 201
Topeka, KS  66614-2489
(785) 271-0800
(785) 271-0803 fax
mark@mlbjrlaw.com
*Attorney for Anthony Villalobos-Castillo*